**Gledjan BALERI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–4614–ag.

United States Court of Appeals, Second Circuit.

Aug. 6, 2007.

Aleksander Milch, Christophe & Associates, New York, N.Y., for Petitioner.

Sharon L. Potter, United States Attorney for the Northern District of West Virginia, Michael D. Stein, Assistant United States Attorney, Wheeling, W.V., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Gledjan Baleri, a native and citizen of Albania, seeks review of a September 12, 2006 order of the BIA affirming the April 18, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying Petitioner's application for asylum and withholding of removal. *In re Gledjan Baleri,* No. A 76 130 148 (B.I.A. Sept. 12, 2006), *aff'g,* No. A 76 130 148 (Immig. Ct. N.Y. City Apr. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Upon our review of the record, we conclude that the agency's denial of relief was supported by substantial evidence. We find no error in its conclusion that Baleri failed to demonstrate past persecution. The agency correctly found that Baleri had failed to demonstrate that he had experienced economic persecution on account of his political opinion. Baleri pointed to no incident where he had been denied or terminated from employment because of his party or family affiliations. In fact, at one point in his testimony, he stated that he had been able to find jobs, but just not ones in his field of study. In addition, the agency properly found that Baleri's apparent employment difficulties were likely due to the poor economic conditions of Albania, a finding supported by the State Department report. Furthermore, Baleri's account of the shooting of his friend by an unknown assailant did not demonstrate that Baleri had been persecuted. *Cf. Jorge–Tzoc v. Gonzales,* 435 F.3d 146, 150 (2d Cir.2006) *(per curiam ).*

With regard to Baleri's alleged well-founded fear of persecution, we similarly find no error. Overall, while Baleri asserted his dissatisfaction with the Socialist Party then in power in Albania, he failed to point to specific evidence demonstrating why and by whom he would be harmed. In addition, the IJ further noted that political developments in Albania have "dramatically changed." Accordingly, the IJ found that any persecution his family had suffered in the past could "no longer form a basis" for relief. This finding was also supported by substantial evidence. The IJ, relying on the State Department report, noted that, since the fall of the Communist regime, the political circumstances in Albania have improved and the Democratic Party has been a participant in the government.[1] This finding was sufficient

---

1. We note that, as a result of the July 2005 elections, the Democratic Party is now in power in Albania. *See* Central Intelligence Agency World Fact Book, available at https://www.cia.gov/library/publications/the-world-factbook/geos/al.html# Govt.

to rebut any well-founded fear Baleri would have in returning to Albania. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 184 (2d Cir.2006) *(per curiam ).*

Because Baleri was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir. 1991). In addition, although Baleri raises a CAT claim in his brief, this Court is without jurisdiction to review that claim as the record demonstrates that he failed to exhaust it by raising it before the agency. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).